UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall | RE:<br>640 Ossipee Trail West, Standish, ME 04084 |
| Defendants | Mortgage:<br>April 15, 2009<br>Book 26865, Page 70 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendants,

David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, are the obligor and the total amount owed under the terms of the Note is Two Hundred Fifty-Eight Thousand Two Hundred Eighty-Two and 71/100 ($258,282.71) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Sharon L. Norman f/k/a Sharon L. Randall, is a resident of Standish, County of Cumberland and State of Maine.

6. The Defendant, David L. Norman, is a resident of Standish, County of Cumberland and State of Maine.

## FACTS

7. On October 1, 1999, by virtue of a Warranty Deed from Timothy N. Wagner and Carol A. Wagner, which is recorded in the Cumberland County Registry of Deeds in **Book 15092, Page 246**, the property situated at 640 Ossipee Trail West, County of Cumberland, and State of Maine, was conveyed to the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On April 15, 2009, the Defendant, David L. Norman, executed and delivered to Quicken Loans Inc. a certain Note in the amount of $240,000.00. Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on April 15, 2009, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Quicken Loans Inc., securing the property located at 640 Ossipee Trail West, Standish, ME 04084 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 26865**, **Page 70**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. It was the intent of the parties to mortgage the right of way referenced in the attached Exhibit A but not referenced in the aforesaid Mortgage.

11. The Mortgage was further assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated February 19, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33026**, **Page 276**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated March 23, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33026**, **Page 275**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated July 12, 2016 and recorded in the Cumberland County

Registry of Deeds in **Book 33503**, **Page 150**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated March 29, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34760**, **Page 185**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated March 29, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34760**, **Page 186**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated April 3, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35571**, **Page 247**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On April 17, 2019, the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

19. The Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. The total debt owed under the Note and Mortgage as of June 28, 2019 is Two Hundred Fifty-Eight Thousand Two Hundred Eighty-Two and 71/100 ($258,282.71) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $207,848.77 |
| Interest | $31,741.64 |
| Escrow/Impound Required | $17,341.72 |
| Late Fees | $878.58 |
| Total Advances | $472.00 |
| Grand Total | $258,282.71 |

24. Upon information and belief, the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 640 Ossipee Trail West, Standish, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of June 28, 2019 is Two Hundred Fifty-Eight Thousand Two Hundred Eighty-Two and 71/100 ($258,282.71) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $207,848.77 |
| Interest | $31,741.64 |
| Escrow/Impound Required | $17,341.72 |

| | |
|---|---|
| Late Fees | $878.58 |
| Total Advances | $472.00 |
| Grand Total | $258,282.71 |

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randalls' discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, but only seeks in rem judgment against the property.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, on April 17, 2019, evidenced by the Certificate of Mailing. *See* Exhibit J.

34. The Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, are not in the Military as evidenced by the attached Exhibit K.

COUNT II – EQUITABLE MORTGAGE

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

36. The intent of the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, and original lender, Quicken Loans Inc., on April 15, 2009, was to create a mortgage on the property, commonly known as and numbered as 640 Ossipee Trail West, Standish, ME 04084.

37. This intent is shown by the execution of a Promissory Note dated April 15, 2009 to Quicken Loans Inc. in the amount of $240,000.00.

38. The value given at the time of the transaction was $240,000.00 which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, and Quicken Loans Inc. on the date of the transaction, April 15, 2009, that a mortgage be granted on the subject property.

39. The aforesaid Promissory Note, specifically references 640 Ossipee Trail West, Standish, ME 04084, as the "Property Address".

40. In addition to the aforesaid Promissory Note, Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, also executed a Mortgage on April 15, 2009 which particularly referenced exactly the same property address of 640 Ossipee Trail West, Standish, ME 04084 which was referenced on the aforesaid Promissory Note.

41. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See*, *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, 96A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.,* 175 A.3d 103, 2017 ME 230 (Me. 2017).

42. This defect is not related to the original execution of the documents, nor the intent of the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, and Quicken Loans Inc., but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

43. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its' progeny; *See Deschaine, Fn. 2, Fn 4; Pushard Fn 14*.

44. It was the intent of the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, and Quicken Loans Inc. at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the owner and holder of the subject Promissory Note.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

47. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock,* 127 Me. 452, 144 A.383, 386 (Me. 1929).

48. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

49. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

50. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

51. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A.2d 734 (Me. 1984).

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Find that the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, as affected by the Defendants' discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the subject property, is in breach of the Note by failing to make payment due as of February 1, 2016, and all subsequent payments;

b) Find that the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, entered into a contract for a sum certain in exchange for a loan;

c) Find that it was the intent of the Defendants, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, and the original lender Quicken Loans Inc. on April 15, 2009 to create a mortgage on the property commonly known as and numbered as 640 Ossipee Trail West, Standish, ME 04084 specifically referencing the right of way referenced in the attached Exhibit A;

d) Impose an equitable mortgage upon the property commonly known as and numbered as 640 Ossipee Trail West, Standish, ME 04084 for the benefit of the Plaintiff who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

e) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. § 6322;

f) Find that while the Defendants in this matter, David L. Norman and Sharon L. Norman f/k/a Sharon L. Randall, have no personal liability in this matter, a Judgment in this matter can be imposed in rem against the property commonly known as and numbered as 640 Ossipee Trail West, Standish, ME 04084;

g) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust,
By its attorneys,

Dated: July 17, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com